IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES STEELE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TONI MEADOWS; MARK | : | NO. 07-CV-3542 |
| RICHARDSON, ESQ.; and MARK W. | : | |
| RICHARDSON, P.C. | : | |

O'NEILL, J.                                                                                           MARCH 5, 2008

MEMORANDUM

On August 27, 2007 plaintiff Charles Steele filed a complaint against defendants Toni Meadows; Mark Richardson, Esquire; and Mark W. Richardson, P.C. alleging claims for a violation of his civil rights under 42 U.S.C. § 1983; wrongful use under 42 Pa. Cons. Stat. Ann. §§ 8351 et seq.; and slander of title, abuse of process, breach of contract, tortious interference with a contractual relationship, negligence, fraud/fraud on the court, and punitive damages under Pennsylvania law. Before me now is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12 "for lack of jurisdiction, subject matter, insufficient specificity of the pleading, prior action or agreement for alternative dispute resolution and failure to state a claim" and plaintiff's response. For the reasons stated below I will dismiss this case for lack of subject matter jurisdiction.

BACKGROUND

On or about July 11, 2006 plaintiff Steele, a citizen of California, and defendant Meadows, a citizen of Pennsylvania, entered into an Agreement of Sale ("Meadows Agreement") for plaintiff's property at 1200 Rice's Mill Road, Wyncote, Pennsylvania. Plaintiff's complaint

1

alleges that defendant Meadows, by and through her counsel, defendants Richardson and Mark W. Richardson, P.C. (collectively "Richardson"), unilaterally and without cause terminated the Agreement. Defendant Meadows then initiated mediation through counsel Richardson over the escrowed deposit of $10,000.00. Thereafter plaintiff re-listed the property and entered into a new Agreement of Sale ("Sturgeon Agreement") with another buyer. The Sturgeon Agreement provided that title to the property was to transfer at closing on September 6, 2006.

On or about August 25, 2006 defendant Meadows through counsel Richardson commenced an action against plaintiff in the Court of Common Pleas of Montgomery County seeking return of escrow and indexing lis pendens on the property. Plaintiff then filed an emergency petition to strike lis pendens. On September 5, 2006 the Court of Common Pleas of Montgomery County entered a Consent Order striking the lis pendens and granting defendant Meadows the deposited funds.

## DISCUSSION

Though defendants do not specify under which provision of Federal Rule of Civil Procedure 12 they bring their present motion, under the Federal Rules of Civil Procedure 12(h)(3) "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is elementary that a federal court cannot create jurisdiction where none exists." 5A Wright & Miller § 1350, at 204-05.

I.      Subject Matter Jurisdiction Under 28 U.S.C. § 1331

In his complaint plaintiff alleges that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because in Count VI of his complaint plaintiff alleges a

cause of action for violations of his civil rights through 42 U.S.C. § 1983.

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "The Supreme Court has set forth the two essential elements of a § 1983 action: (1) the conduct complained of was committed by a person acting under color of state law; and (2) this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir.1993).

"The color of state law analysis . . . is grounded in a basic and clear requirement, 'that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995), quoting West v. Atkins, 487 U.S. 42, 49 (1988). Where defendants are not state or municipal officials but private individuals, "Supreme Court jurisprudence outlines several approaches or discrete tests for detecting the presence of action under color of state law, including the exclusive government function approach, the joint participation or symbiotic relationship approach, and the nexus approach."[1]

---

[1] In Brentwood Academy v. Tennessee Secondary School Athletic Association, the Supreme Court noted that the criteria for determining whether state action is present "lack rigid simplicity," but then identified the following circumstances where challenged private action may be considered state action: (1) when the challenged action results from the State's exercise of coercive power; (2) when the State provides significant encouragement, either overt or covert; (3) when a private actor operates as a willful participant in joint activity with the State or its agents; (4) when a private actor is controlled by an agency of the State; (5) when a private actor has been delegated a public function by the State; (6) when a private actor is entwined with governmental

Groman v. Township of Manalapan, 47 F.3d 628, 639 (3d Cir. 1995) (internal citations omitted). "A private action is not converted into one under color of state law merely by some tenuous connection to state action. The issue is not whether the state was involved in some way in the relevant events, but whether the action taken can be fairly attributed to the state itself." Id., citing Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974); see Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001), quoting Jackson, 419 U.S. at 351.

     Plaintiff's complaint appears to allege that defendants acted under color of state law in this case because "[t]o perpetuate their misconduct, Defendants made use of the Montgomery County Prothonotary, Sheriff, and the Court of Common Pleas." I find plaintiff fails to allege a basis for attributing defendants' actions to the Commonwealth of Pennsylvania or Montgomery County. The challenged private action is a suit against plaintiff filed by defendant Meadows through her counsel in the Court of Common Pleas of Montgomery County. Plaintiff argues that defendants compelled the Court of Common Pleas to enter a Consent Order in their favor, thereby exercising power possessed by virtue of state law and engaging in activity made possible only because defendants were clothed with the authority of state law. Though the Court of Common Pleas clearly was involved in some way in the relevant events by entering a Consent Order striking a lis pendens and granting defendant Meadows escrow funds, such involvement does not convert defendants' purely private action into one under color of state law. I find plaintiff's contention in his brief that Court of Common Pleas of Montgomery County and the other state actors "did not act independently but rather were compelled by [defendants']

---

policies; and (7) when government is entwined in the management or control of a private actor. 531 U.S. 288, 295-96 (2001) (citing cases).

impropriety" to be entirely without merit.

Because plaintiff fails to allege any action under color of state law, all claims under § 1983 must be dismissed. Accordingly I do not have subject matter jurisdiction over this matter under 28 U.S.C. § 1331.

II.     Subject Matter Jurisdiction Under 28 U.S.C. § 1332

In his complaint plaintiff alleges that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

A federal district court may exercise subject matter jurisdiction under 28 U.S.C. § 1332(a) in cases where the parties are citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). This statutory requirement "must be narrowly construed so as not to frustrate the congressional purpose behind it: to keep the diversity caseload of the federal courts under some modicum of control." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993), citing Nelson v. Keefer, 451 F.2d 289, 293-94 (3d Cir. 1971). Recognizing the necessary imprecision in determining the amount in controversy in unliquidated damages cases, the Court of Appeals has instructed: "Given the congressional intention to eliminate trials of unsubstantial diversity cases . . . we have no difficulty in concluding that Congress intended that trial judges exercise permissible discretion in adjudicating challenges to jurisdiction." Nelson v. Keefer, 451 F.2d 289, 294 (3d Cir. 1971) (affirming a district court's finding that plaintiff's claim for pain and suffering could not sustain a damages award sufficient to meet the amount in controversy requirement).

"The party wishing to establish subject matter jurisdiction has the burden to prove to a legal certainty that the amount in controversy exceeds the statutory threshold," Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006), and "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." Packard, 994 F.2d at 1045.  The Court of Appeals has asserted that "estimations of the amounts recoverable must be realistic" and that estimated damages "should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts." Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 403 (3d Cir. 2004).  "[D]ismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997).

"In addition, when it appears that [a punitive damages claim] comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny." Packard, 994 F.2d at 1046.  While the Pennsylvania Supreme Court has held that punitive damages need not be "reasonably related" to compensatory damages, Kirkbride v. Libson Contractors, Inc., 555 A.2d 800, 803 (Pa. 1989), that does not mean that punitive damages awards are without limits.  Under Pennsylvania law, a reasonable relationship must still exist between the decision to award punitive damages and the nature of the cause of action underlying the compensatory award. Sprague v. Walter, 656 A.2d 890, 926 (Pa. Super. Ct. 1995).  The amount of any punitive damages award in Pennsylvania is explicitly circumscribed by the factors laid out in § 908(2) of

6

the Restatement (Second) of Torts.[2] Younis Bros. & Co., Inc. v. Cigna Worldwide Ins. Co., 882 F. Supp. 1468, 1471-72 (E.D. Pa. 1994); Coyne v. Allstate Ins. Co., 771 F. Supp. 673, 679-80 (E.D. Pa. 1991).

Defendants do not dispute that plaintiff's action is between citizens of different states but argue that plaintiff fails to meet the jurisdictional amount requirement of 28 U.S.C. § 1332. Plaintiff's complaint expressly demands judgment against defendants for a sum in excess of $75,000.00, alleging that plaintiff "incurred financial loss including but not limited to loss of the escrow, and attorney's fees and costs, along with emotional stress, mental anguish and/or humiliation." As noted above, the deposited escrow was $10,000.00.

Even granting plaintiff every inference, I find it inconceivable that plaintiff could recover an award sufficient to satisfy the jurisdictional amount requirement under 28 U.S.C. § 1332. Plaintiff's entire action essentially arises from a breach of contractual duties related to the sale of a property, and it is well-established that punitive damages are not available for breach of contract claims under Pennsylvania law. See, e.g., AM/PM Franchise Ass'n v. Atl. Richfield Co., 584 A.2d 915, 927 (Pa. 1990). With respect to punitive damages for his additional claims, plaintiff has alleged no facts from which are discernable an evil motive or even reckless indifference on the part of any defendant. Indeed plaintiff acquiesced to defendants' actions by first filing an emergency petition to strike lis pendens and then entering into a Consent Order

---

[2]Section 908(2) states: "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause, and the wealth of the defendant." Restatement (Second) of Torts § 908 (1979).

issued by the Court of Common Pleas of Montgomery County striking lis pendens and granting defendant Meadows the escrowed deposit in order to complete the sale of the property to another buyer.

    I am convinced to a legal certainty that plaintiff's claim is for less than $75,000.01, and therefore I do not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

    The attention of plaintiff's counsel is directed to 42 Pa. Cons. Stat. Ann. § 5103(b).

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES STEELE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TONI MEADOWS; MARK | : | NO. 07-CV-3542 |
| RICHARDSON, ESQ.; and MARK W. | : | |
| RICHARDSON, P.C. | : | |

ORDER

AND NOW, this 5th day of March 2008, upon consideration of defendants' motion to dismiss and plaintiff's response, it is ORDERED that defendants' motion is GRANTED and plaintiff's complaint is DISMISSED.

                                                                           s/Thomas N. O'Neill, Jr.
                                                                           THOMAS N. O'NEILL, JR., J.